```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DIVISION 1181 AMALGAMATED TRANSIT
UNION - NEW YORK EMPLOYEES PENSION
FUND, AND ITS TRUSTEES,                                    MEMORANDUM OF
                                                           DECISION & ORDER
                    Plaintiffs,                            16-cv-2481 (ADS)(ARL)

           -against-

R AND C TRANSIT, INC.,

                    Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Slevin & Hart, P.C.**
*Attorneys for the Plaintiffs*
1625 Massachusetts Avenue NW
Suite 450
Washington, DC 20036
    By:    David Mohl, Esq.,
            Jeffrey S. Swyers, Esq.,
            Owen Marc Rumelt, Esq., Of Counsel

**Law Offices of Lloyd Somer**
*Attorneys for the Defendant*
330 Seventh Avenue
15th Floor
New York, NY 10001
    By:    Lloyd Somer, Esq., Of Counsel

**SPATT, District Judge**:

This action was brought by the Plaintiffs Division 1181 Amalgamated Transit Union - New York Employees Pension Fund (the "Fund") and its Trustees (collectively, the "Plaintiffs") against the Defendant Rand C Transit, Inc. (the "Defendant") for monies owed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.*.

1

Presently before the Court is a motion by the Defendant pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 55(c) to vacate a certificate of default entered by the Clerk of the Court on July 14, 2016. For the following reasons, the Defendant's motion is granted.

## I. BACKGROUND

### A. The Relevant Facts

The Fund is a multiemployer pension plan that provides retirement benefits to its participants. The Trustees are fiduciaries of the Fund.

The Defendant is a school bus company that has a contract with the New York City Department of Education (the "DOE"). Until June 30, 2014, when the Defendant withdrew from the Fund, the Defendant employed individuals who were represented for the purposes of collective bargaining by Amalgamated Transit Union Local 1181 ("Local 1181"). The Plaintiff alleges that during the relevant period, the Defendant was a signatory to the collective bargaining agreement (the "CBA") with Local 1181 and was bound by the CBA's terms, including the requirement that the Defendant contribute to the Fund on behalf of its covered employees.

On June 30, 2014, the Defendant withdrew from the Fund. The Plaintiffs allege that the Defendant owes the Fund delinquent contributions, and withdrawal liability.

The Defendant states that pursuant to its contract with the DOE, the DOE was required to pay "a sum of money to the defendant each month to cover the wages, welfare benefits, and pension contributions to be forwarded to the plaintiff on behalf of [the defendant's employees]. If the defendant failed to pay a monthly contribution to the [] [] Fund, the plaintiffs had the right to notify the DOE of this delinquency, and the DOE would then pay the [] Fund contribution directly to the plaintiff." (Decl. of Rene Sainvil at ¶ 7). The Defendant claims that pursuant to its contract with the DOE, the DOE is responsible for the Defendant's withdrawal liability.

2

### B. Relevant Procedural History

The Plaintiffs commenced this action by filing a complaint on May 16, 2016. The Defendant was served with the summons and complaint on June 20, 2016. The Defendant's answer was due on July 11, 2016.

On July 13, 2016, the Plaintiffs requested a certificate of default from the Clerk of the Court. The next day, July 14, 2016, the Clerk of the Court noted the Defendant's default.

Counsel for the Defendant filed a notice of appearance on July 20, 2016.

On September 19, 2016, the Plaintiffs filed a motion for default judgment, and provided proof that the motion was served on the Defendant.

On September 20, 2016, the Defendant moved for an extension of time to respond to the complaint. The Court denied that request, informing the Defendant that he first had to file a motion to vacate the certificate of default.

On October 10, 2016, the Defendant filed the instant motion.

## II. DISCUSSION

### A. The Legal Standard

Rule 55 states that "[t]he court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c).

In deciding whether to vacate a certificate of default, a court must consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *United States v. Chesir*, 526 F. App'x 60, 61 (2d Cir. 2013) (quoting *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998)); *see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (stating that these criteria "should be

construed generously" in favor of party seeking relief from judgment (internal quotation marks omitted)).

## B. Application to the Facts

### 1. As to whether the Defendant's Default Was Willful

The Defendant contends that its default was not willful. On the other hand, the Plaintiff argues that the Defendant's willfulness is exhibited by not retaining an attorney for one month after being served; and by not responding to the complaint or attempting to respond to the complaint until two months after retaining counsel. The Court finds that the Defendant's default was not willful.

The Second Circuit has stated that willfulness is "more than merely negligent or careless" conduct, *McNulty*, 137 F.3d at 738, but will be found "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained," *id.* For example, "[a] default is deemed willful where a defendant simply ignores the complaint without action." *Circuito Cerrado, Inc. v. LV Foods, Inc.*, 296 F.R.D. 122, 126 (E.D.N.Y. 2013) (internal citations and quotation marks omitted). "Thus, 'where a party is notified that he is in default and he apparently makes no effort to appear *pro se* or to explain his situation to the court, such neglect is inexcusable.' " *Arista Records, Inc. v. Musemeci*, No. 03CV4465(DGT)(RML), 2007 WL 3124545, at *4 (E.D.N.Y. Sept. 18, 2007), *report and recommendation adopted*, No. CIV.A. CV-03-4465(DG, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007) (quoting *Yan v. Bocar*, No. 04 Civ. 4194, 2005 WL 3005338, at *13 (S.D.N.Y. Sept. 8, 2005)); *cf. Kauhsen v. Aventura Motors, Inc.*, No. 09-cv-4114, 2010 U.S. Dist. LEXIS 55554, at *13, 2010 WL 2301289 (E.D.N.Y. June 7, 2010) (noting that "[w]illfulness includes conduct that is 'not satisfactorily explained' " (internal citations and quotation marks omitted); *Domond v. Great Am. Rec., Inc.*, 116 F. Supp. 2d 368, 374 (E.D.N.Y. 2000) (Spatt, J.)

(noting that "willfulness may be inferred where a party's conduct was egregious and not adequately explained"); *Frost Belt Int'l Recording Enters., Inc. v. Cold Chillin' Records*, 758 F. Supp. 131, 136 (S.D.N.Y. 1990) ("[U]tter failure to explain the default effectively precludes a finding of excusable neglect").

Here, counsel for the Defendant represents that he had been in contact with counsel for the Plaintiffs since he was retained on July 18, 2016; and was busy doing research into whether the DOE should be interplead as a third party defendant. Counsel for the Defendant states that he was "reviewing the litigation initiated by the [P]laintiffs against the New York City [DOE] in the United States District Court, Southern District of New York" (the "SDNY") and he came to the conclusion that the case in the SDNY "solidified the defense that [his] client has in the instant matter." (Def.'s Ex. 1, Decl. of Lloyd Somer ("Decl. of Somer") at ¶ 5). As soon as counsel completed his research, he filed a notice of claim against the DOE on September 15, 2016, and he notified counsel for the Plaintiffs that his clients defense would be that the DOE was responsible for monies owed.

Further, the Defendant represents that it had difficulty finding an attorney experienced in ERISA litigation.

These are not the acts of a willful default. The Defendant represents that it had difficulty finding an attorney experienced in ERISA litigation, and found one within a month of being served with the summons and complaint. While counsel for the Defendant should have made a motion for an extension of time to file a responsive pleading upon being retained, the Court accepts his representation that he was conducting research. Three months elapsed between service of the complaint and the Defendant's first motion. While any delay is inexcusable, the Court finds that such a short delay is not evidence of willfulness.

### 2. As to whether the Defendant Demonstrates the Existence of a Meritorious Defense

The Plaintiffs argue that the Defendant has not presented a complete defense and that there showing is therefore insufficient. In opposition, the Defendant contends that its defense employs the same legal reasoning utilized by the Plaintiffs in their suit against the DOE in the Southern District of New York. In the Court's view, the Defendant's showing is sufficient.

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.,* 856 F.2d 873, 879 (7th Cir. 1988)).

Here, the Defendant states that it is its "position that the defense for this action is the initiation of a third party complaint against the New York City Department of Education alleging an alter ego claim, as the plaintiffs have done in their Southern District action against the New York City [DOE]." (Def.'s Mem. of Law at ¶ 8). In effect, the Defendant claims that the DOE is responsible for the monies owed to the Plaintiffs. The Court finds that this is a sufficient showing at this juncture.

### 3. As to whether the Plaintiffs Would Be Prejudiced by the Vacatur of Default

The Plaintiffs argue that they would be prejudiced if the Court were to grant the Defendant's motion because "the Fund has already expended significant time and resources in this action. Indeed, the Fund has been actively pursuing withdrawal liability from [the] Defendant long before initiating this action following [the] Defendant's failure to respond to demands outside of litigation." (Pls.' Mem. Of Law at 9). The Court is hard pressed to find that the Plaintiffs would

be prejudiced where the Defendant's default was entered two days after the Defendant's answer was due. *See, e.g., Chesir*, 526 F. App'x at 63 (holding that the plaintiff was prejudiced where the defendant "indisputably waited to appear in these proceedings until 42 months after service of the complaint, 26 months after the clerk entered his default, and 8 months after entry of the default judgment.").

Other than filing their motion for a default judgment, the Plaintiffs have "proceeded to litigate this case as if the default had never occurred." *Trs. of Empire State Carpenters Annuity, Apprenticeship. Labor-Mgmt. Cooperation, Pension, & Welfare Funds v. Penco United, LLC*, 13-cv-4745 (SJF)(AKT), 2015 U.S. Dist. LEXIS 15424, at *17 (E.D.N.Y. Jan. 6, 2015) (R&R), *adopted*, 2015 U.S. Dist. LEXIS 14606 (E.D.N.Y. Feb. 5, 2015). The Plaintiffs do not explain how they would be prejudiced, except that they would have to proceed "prosecuting a case with only one possible outcome." (*Id.*). The Court does not agree with the Plaintiffs that this is such an open-and-shut case. Also, the expense of resources alone is insufficient prejudice. The Plaintiffs are the ones who initiated this suit, and so clearly intended expending resources to litigate it.

Therefore, the Court finds that the Plaintiffs would not be prejudiced by vacating the certificate of default.

### III. CONCLUSION

For the reasons stated above, the Court grants the Defendant's motion to vacate the certificate of default pursuant to Rule 55(c). The Clerk of the Court is respectfully directed to also terminate the Plaintiffs' motion for a default judgment. The Plaintiff is directed to file a responsive pleading on or before May 8, 2017.

**SO ORDERED**

Dated: Central Islip, New York

April 22, 2017

                _____/s/ Arthur D. Spatt_____

                   ARTHUR D. SPATT

                 United States District Judge