UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIVISION 1181 AMALGAMATED TRANSIT
UNION - NEW YORK EMPLOYEES PENSION
FUND, AND ITS TRUSTEES,

      Plaintiffs,

   -against-

R AND C TRANSIT, INC.,

      Defendant.
------------------------------------------------------------X
R AND C TRANSIT, INC.,

      Third-Party Plaintiff,

   -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

      Third-Party Defendant.
------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-02481 (ADS)(ARL)

**APPEARANCES:**

**Slevin & Hart, P.C.**
*Attorneys for the Plaintiffs*
1625 Massachusetts Avenue NW
Suite 450
Washington, DC 20036
  By: David Mohl, Esq.,
     Jeffrey S. Swyers, Esq.,
     Richard S. Siegel, Esq.,
     Owen Marc Rumelt, Esq., Of Counsel

**Law Offices of Lloyd Somer**
*Attorneys for the Defendant/Third-Party Plaintiff*
330 Seventh Avenue
15th Floor
New York, NY 10001
  By: Lloyd Somer, Esq., Of Counsel

1

**Morgan, Lewis & Bockius, LLP**
*Attorneys for the Third-Party Defendant*
101 Park Avenue
New York, NY 10178
      By:    Andriette A. Roberts, Esq.,
             Hanna Elizabeth Martin, Esq.,
             Laura C Rowntree, Esq.,
             Melissa D. Hill, Esq., Of Counsel

**SPATT, District Judge**:

This action was brought by the Plaintiffs Division 1181 Amalgamated Transit Union - New York Employees Pension Fund (the "Fund") and its Trustees (collectively, the "Plaintiffs") against the Defendant R and C Transit, Inc. ("R and C") for monies owed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* (the "MPPAA").

R and C subsequently brought a third-party action against the Third-Party Defendant New York City Department of Education (the "NYCDOE," the "DOE" or the "Department"), claiming that the NYCDOE is liable for any monies owed by R and C to the Plaintiffs.

Presently before the Court is a motion by the NYCDOE to dismiss the third-party complaint pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) . For the following reasons, the NYCDOE's motion is granted in its entirety.

## I. BACKGROUND

### A. The Relevant Facts

The following facts are drawn from the third-party complaint, and, for the purposes of the instant motion, are presumed to be true. Some facts are also drawn from the collective bargaining agreement (the "CBA") between the Fund and R and C. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991) (holding that a court may take a document into

2

consideration which is relied upon by the plaintiff, even if the document is not attached to the complaint, or incorporated by reference).

The Plaintiffs allege that R and C owes $1,413 in delinquent contributions, and is liable for $173,156 for its withdrawal from the Fund. R and C claims that the NYCDOE was the alter ego of R and C during the relevant period.

R and C signed a contract with the NYCDOE in 1979 to transport school children (the "Agreement"). The Agreement has been extended and amended throughout the years. The Agreement states that R and C was required to hire escorts to staff any school buses which transported certain children with disabilities. Furthermore, the Agreement directed R and C to "sign an agreement with [the Fund] to participate in such plan on behalf of all operators . . . and escorts [] in the event the contractor employs escorts . . . ." (Agreement ¶ 4). Despite that statement, the Agreement states that "[t]his requirement shall not be interpreted to require a contractor to enter into a collective bargaining agreement with the union . . . ." (*Id.*). R and C was to provide contributions to the Fund on behalf of covered employees pursuant to the Agreement.

R and C subsequently entered into a collective bargaining agreement with the Fund. R and C's escort employees and drivers were covered by the CBA. The DOE is not a party to the CBA.

Since 1979, R and C has only provided transportation services for the NYCDOE. That is, the NYCDOE is R and C's sole source of revenue. Each month, the NYCDOE would pay R and C enough money to cover wages and contributions to the Fund on behalf of covered employees. If R and C did not pay the Fund, the Fund had a right to notify the NYCDOE, and the NYCDOE would pay the delinquent contributions directly to the Fund.

The NYCDOE required that escorts be certified, and retained the right to decertify escorts. The Department established rules, regulations, duties, responsibilities, policies, and procedures for R and C and its escorts. R and C had to hire escorts from a pool of escorts created by the DOE. The escorts were subject to alcohol and drug testing by the NYCDOE.

R and C alleges that, upon information and belief, the DOE employs individuals to investigate escort misconduct; that escorts must be interviewed at the DOE by these investigators; that disciplinary letters sent to escorts refer to escorts as "Department of Education school bus escorts"; that the Department investigators can recommend that escorts' employers take certain actions against escorts, including terminating them; and that the employer must abide by the recommendation.

The NYCDOE provided R and C with vehicle liability insurance and discounted fuel for a period of time. R and C and the NYCDOE were linked by computer applications and programs at all times. R and C accessed these applications and programs through a link and credentials supplied by the NYCDOE. The Department inspected buses, drivers, and escorts, and directed R and C to communicate on a daily basis with the Department.

**B. The Relevant Procedural History**

On May 16, 2016, the Plaintiffs filed their complaint against R and C, seeking delinquent contributions, damages, attorneys' fees, and injunctive relief for violations of ERISA. Specifically, the Plaintiffs allege that R and C owes money for delinquent contributions, and is liable for its withdrawal from the Fund.

On September 15, 2016, R and C served a notice of claim upon the NYCDOE pursuant to N.Y. GEN. MUN. LAW §50-e.

On May 17, 2017, R and C filed the third-party complaint against the NYCDOE. The complaint does not specify any causes of action, but the final "wherefore" clause of the complaint states that "judgment is demanded by way of indemnification, contribution, and/or alter ego status . . . ." (Third-Party Compl. at 6). Paragraph 20 of the complaint states that the alter ego theory is that which is "applicable in ERISA cases." (Third-Party Compl. ¶20). The Court liberally construes the third party complaint to state claims for indemnification, contribution, and for liability based on alter ego status.

On July 31, 2017, the NYCDOE filed the instant motion to dismiss pursuant to Rule 12(b)(6). R and C never filed a memorandum in opposition, but instead filed a declaration in opposition signed by the President of R and C.

## II. DISCUSSION

### A. The Legal Standard

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the third party complaint as true and draw all reasonable inferences in favor of the third party Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

5

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B. As to the Form of R and C's Opposition to the NYCDOE's Motion to Dismiss**

As stated above, R and C did not file a memorandum in opposition to the NYCDOE's motion to dismiss, but instead filed a declaration signed by the President of R and C. The affidavit mostly repeats the facts contained in the complaint. It is devoid of argument, except for one sentence, which states that "[t]he Second Circuit has stated that while the alter ego doctrine was well developed in the context of the National Labor Relations Act, it 'has relevance in the ERISA context as well.'" (Decl. of Rene Sainvil ¶ 17 (ECF No. 37) (quoting *Ret. Plan of the Unite Here Nat'l Ret. Fund v. Kombassan Holdings A.S.*, 629 F.3d 282 (2d Cir. 2010)).

In its reply brief, the NYCDOE asks the Court to grant its motion to dismiss based on R and C's failure to comply with Local Rule 7.1. While the Court would be justified in granting the NYCDOE's motion based solely on R and C's failure to submit a memorandum of law, the Court exercises its discretion and will decide the case on the merits. However, the Court finds that R and C has abandoned its claims for indemnification and contribution.

Local Rule 7.1 states, in pertinent part, that:

> Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined . . . .

E.D.N.Y. LOCAL CIV. R. 7.1(a)(2). It further states that "all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) . . . ." *Id.* at 7.1(b).

"It is well-established that '[a]n affirmation alone will not satisfy the requirements of Rule 7.1.'" *Employers Ins. Co. of Wausau v. Skinner,* 2008 WL 4283346, at *4 (E.D.N.Y. Sept. 17, 2008) (quoting *Microsoft Corp. v. K & E Computer Inc.,* No. 00 Civ. 7550, 2001 WL 332962, at *1 (S.D.N.Y. Apr. 4, 2001)); *see also Wenzhou Wanli Food Co. v. Hop Chong Trading Co.,* No. 98 Civ. 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000) ("Submitting an affidavit rather than a memorandum of law is insufficient under Local Rule 7.1."). "Failure to file a memorandum of law in opposition to the opposing party's motion is, by itself, a sufficient basis to grant the motion." *Kamara v. United States,* No. 04 Civ. 626, 2005 WL 2298176, at *1 (S.D.N.Y. Sept. 20, 2005) (citing *Loew v. Kolb,* No. 03 Civ. 5064, 2003 WL 22271221, at *2 (S.D.N.Y. Sept. 30, 2003)); *see also E. 65 St. Realty Corp. v. Rinzler*, No. 98 CIV. 6555 (RCC), 2000 WL 303279, at *3 (S.D.N.Y. Mar. 22, 2000) (granting the defendant's motion to dismiss where the plaintiff submitted an affidavit rather than a memorandum of law, and "fail[ed] to cite any statute or case law defending its claims against [the] motion and [did] not set forth points and authorities relied upon in opposition to [d]efendant's motion").

Nevertheless, this Court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Milner v. City of New York,* No. 10 Civ. 9384(JGK)(GWG), 2012 WL 3138110, at *9 (S.D.N.Y. Aug. 2, 2012) (quoting *Holtz v. Rockefeller & Co.,*

258 F.3d 62, 73 (2d Cir. 2001)). The Court therefore overlooks the format of the filing, and considers the substance.

Here, the affidavit submitted by R and C cites to one Second Circuit case regarding alter ego doctrine in the ERISA context. (Decl. of Rene Sainvil ¶ 17 (ECF No. 37) (quoting *Ret. Plan of the Unite Here Nat'l Ret. Fund*, 629 F.3d 282). Therefore, the Court will consider R and C's ERISA alter ego claim.

However, the affidavit does not address, in any way, the NYCDOE's arguments regarding R and C's contribution and indemnification claims. Therefore, the Court finds that R and C has abandoned those claims. *See Robinson v. Fischer*, No. 09 CIV. 8882 LAKAJP, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim." (citing *Lipton v. Cnty. of Orange,* 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."))); *see also Bonilla v. Smithfield Assoc. LLC,* 09 Civ. 1549, 2009 WL 4457304 at *4 (S.D.N.Y. Dec.4, 2009) (dismissing certain claims where the plaintiff failed to respond to the defendant's arguments); *Thomas v. Atl. Express Corp.,* 07 Civ.1978, 2009 WL 856993 at *2 (S.D.N.Y. Mar. 31, 2009) (same) (citing *Hanig v. Yorktown Cent. Sch. Dist.,* 384 F. Supp. 2d 710, 722–23 (S.D.N.Y. 2005)); *Burchette v. Abercrombie & Fitch Stores, Inc.,* 08 Civ. 8786, 2009 WL 856682 at *9 (S.D.N.Y. Mar.30, 2009) (dismissing plaintiff's constructive discharge claim because plaintiff abandoned it by failing to address it in her opposition motion to defendant's motion to dismiss all claims); *Hanig*, 384 F. Supp. 2d at 723 ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.");

*Martinez v. Sanders,* 02 Civ. 5624, 2004 WL 1234041 at *3 (S.D.N.Y. June 3, 2004) ("Because Plaintiff did not address Defendant's motion to dismiss with regard to these claims, they are deemed abandoned."); *Anti–Monopoly, Inc. v. Hasbro, Inc.,* 958 F. Supp. 895, 907 n.11 (S.D.N.Y.) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue . . . which provides an independent basis for dismissal."), *aff'd,* 130 F.3d 1101 (2d Cir. 1997).

Accordingly, the NYCDOE's motion to dismiss R and C's indemnification and contribution claims pursuant to Rule 12(b)(6) is granted.

**C. As to R and C's Alter Ego Claim**

The NYCDOE argues, *inter alia*, that R and C does not have standing to bring an ERISA claim because it is not a participant, beneficiary, or a fiduciary of the Fund. As stated above, R and C does not respond to this argument, but states broadly that alter ego theory has "relevance in the ERISA context . . . ." (Decl. of Rene Sainvil ¶ 17 (ECF No. 37) (quoting *Ret. Plan of the Unite Here Nat'l Ret. Fund*, 629 F.3d 282). The Court finds that R and C, as an employer, does not have standing to bring an ERISA claim.

At the outset, the Court notes that R and C's failure to clearly identify its claims in its complaint, as well its failure to file a memorandum of law, significantly impair this Court's ability to analyze its claims. The Court is left to speculate that R and C seeks to bring an ERISA claim based on alter ego theory. (*See* Compl. ¶ 20 ("The DOE is liable to the Plaintiff Fund for any withdrawal liability of [R and C] as the DOE is the alter ego of [R and C] under the federal common law alter ego standard applicable in ERISA cases."); Decl. of Rene Sainvil ¶ 17).

Section 502 of ERISA authorizes participants, beneficiaries, and fiduciaries to bring civil actions to obtain appropriate equitable relief. 29 U.S.C. § 1132(a)(3). R and C is not a participant, beneficiary, or a fiduciary. It is an employer. While employers may bring civil actions to enjoin

9

or redress violations of 29 U.S.C. § 1021, *see* 29 U.S.C. 1132(a)(8) ("A civil action may be brought . . . by an employer . . . to enjoin any act or practice which violates [29 U.S.C. § 1021(f)] or to obtain appropriate equitable relief to redress such violation or to enforce such subsection . . . ."), R and C does not seek such a redress, as that section deals with required notices under ERISA.

As an employer, R and C does not have standing to bring suit under ERISA. *See Tuvia Convalescent Ctr., Inc. v. Nat'l Union of Hosp. & Health Care Employees, a Div. of RWDSU, AFL-CIO*, 717 F.2d 726, 730 (2d Cir. 1983) ("[W]e hold that Tuvia, as an employer, did not have standing to bring an action under section 1132 of ERISA."); *Sterling Indus., Inc. v. Sheet Metal Workers' Nat. Pension Fund*, No. 14-CV-5956 SJF SIL, 2015 WL 3407927, at *4 (E.D.N.Y. May 27, 2015) (holding that defendants could not recover attorneys' fees, because ERISA did not provide for jurisdiction where the plaintiff was an employer (citing *Tuvia, Convalescent Ctr.*, 717 F.2d at 729–30)); *Danecker v. Bd. of Trustees of Serv. Employees 32BJ N. Pension Fund*, 882 F. Supp. 2d 606, 614–15 (S.D.N.Y. 2012) ("The Second Circuit Court of Appeals has repeatedly interpreted 29 U.S.C. § 1132(a) to prohibit employers from bringing ERISA claims." (quoting *King v. Audax Const. Corp.,* No. 02–cv–582, 2007 WL 2582103, at *10 (E.D.N.Y. Sept. 5, 2007)).

The fact that R and C pleads an alter ego claim does not give it standing. The purpose of the alter ego doctrine is to permit employees, beneficiaries, and fiduciaries to pierce the veil of a corporate entity where its alter ego has sought to avoid union obligations. *See Ret. Plan of UNITE HERE Nat. Ret. Fund*, 629 F.3d at 288 (stating that the purpose of the alter ego doctrine in the ERIAS context is to protect employee benefits, and "ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined

benefits"). The Court has been unable to find, and R and C certainly did not provide, any cases where a court permitted an employer to bring an alter ego claim under ERISA.

Therefore, R and C's ERISA alter-ego claim is dismissed, because it does not have standing to bring claims under ERISA. Accordingly, the NYCDOE's motion to dismiss that claim pursuant to Rule 12(b)(6) is granted.

### III. CONCLUSION

For the above stated reasons, the NYCDOE's motion to dismiss the third party complaint is granted in its entirety. The Clerk of the Court is respectfully directed to terminate the third party action, and to amend the official caption to reflect the following:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DIVISION 1181 AMALGAMATED TRANSIT UNION - NEW YORK EMPLOYEES PENSION FUND, AND ITS TRUSTEES,     2:16-cv-02481 (ADS)(ARL)

        Plaintiffs,

    -against-

R AND C TRANSIT, INC.,

        Defendant.
----------------------------------------------------------X

**SO ORDERED.**

Dated: Central Islip, New York          _____/s/ Arthur D. Spatt_____

    February 7, 2018                 ARTHUR D. SPATT

                                                           United States District Judge